## THE PEOPLE *v.* MILÁN.

### APPEAL from the District Court of Mayagüez.

No. 7.—Decided November 11, 1904.

NEW TRIAL.—An order overruling a motion for a new trial should be embodied in a *providencia,* and no *acta* is necessary in the premises; but the fact that the court took one course rather than the other does not constitute error which would justify the reversal of the judgment appealed from.

ID.—NEWLY DISCOVERED EVIDENCE.—The defendant who seeks a new trial on the ground of newly discovered evidence must not only present sworn statements showing that evidence, but he must by an affidavit negative the fact that he could have produced the evidence on the trial, showing the reasons which prevented him from doing so and the diligence exercised by him to obtain the evidence before the trial, for the purpose of enabling the court to determine whether he exercised the greatest possible diligence to obtain such evidence.

APPEAL—JUDGMENT.—The fact that the reasoning upon which a judgment is based is not correct, is not sufficient to warrant a reversal thereof where the recitals therein contained correctly and properly decide the rights of the parties.

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MacLEARY delivered the following opinion of the court:

In this cause Francisco Vega y Lugo was convicted of voluntary homicide for the killing of Pablo Nazario y Lugo, Vega being convicted as principal and Milán as an accomplice. The homicide is alleged to have been committed on the night of the 16th of January of the present year in the municipality of Sabana Grande. The indictment was presented on the 27th

of February following, and the arraignment took place on the same day. On the 25th of April the trial was had before a jury, and a verdict was rendered finding them guilty as charged. On the 2d of May the defendant, Milán, through his counsel, made application for a new trial, founded on paragraph 7 of article 303 of the Code of Criminal Procedure; that is to say, on the ground of newly discovered evidence favorable to the accused. On the 3d of June this motion was heard and overruled, and Milán was condemned to one year and six months imprisonment in the penitentiary at hard labor, and the payment of costs. On the 9th of June defendant presented his bill of exceptions to the ruling of the court overruling his motion for a new trial. This bill of exceptions was allowed. On the 20th of June, following, he presented a writing of appeal, bringing the case to this Supreme Court, basing his appeal on three grounds:

First. That the decision of the court denying the motion for a new trial ought to be made by means of a *providencia* and not by means of an *acta*.

Second. That the court infringed paragraph 7 of article 303 in denying him a new trial, because the law only demands the presentation of a sworn statement for that purpose.

Third. That the decision of the judge in denying the new trial was incongruent with the motion of the same, inasmuch as the new trial was not sought by the accused on the ground that the verdict was contrary to the evidence, but on the ground that he had discovered other evidence which proved his innocence. The appeal was admitted in an order made on the 22d of June, 1904.

Let us examine these several grounds as they are presented by the attorney for the appellant. It may be conceded that the order overruling the motion for a new trial should be a *providencia,* and that no *acta* is necessary in the premises; however, if the court took one course rather than the other,

it was a harmless error causing no prejudice to the defendant, and one of which he will not be heard to complain.

It will be found on an examination of article 303, paragraph 7, that the defendant who seeks a new trial on the ground of newly discovered evidence must not only present sworn statements showing that evidence, but that he must negative the fact by an affidavit that he could have procured the evidence on the trial, and show the reasons why the same was not presented during the trial. This the defendant has not attempted to do.

In the case of Pedro Díaz *alias* "Martillo," 5 P. R. Rep. 415, decided on the 27th of February, 1904, this same question was presented, and in the opinion rendered in that case by Mr. Justice Hernández, the following language was used:

"Certainly, the attorney for appellant, in answer to a question made by the court, swore that he had exercised all the necessary diligence to procure evidence, and that he had knowledge of that newly discovered after the trial of the case; but such sworn declaration was not sufficient for the purpose sought (that is, to sustain a decision granting a new trial) because said attorney failed to show what kind of diligence he practiced to enable the court to judge whether he practiced reasonable diligence to discover and produce in the trial of the case the new evidence of which he intended to avail himself later on."

The present is even a stronger case on this point than the case of "Martillo," because the attorney in the case at bar made no effort whatever to show why he had not presented the newly discovered evidence on the trial, as he was required to do by the plain text of the statute.

The third proposition on which his appeal is based seems to have some merit in it, inasmuch as the trial judge apparently based his refusal of the new trial on grounds which were not presented, but the new trial was properly refused, although the reason given by the trial judge may not have been a correct one.

It has often been decided in American courts that a correct judgment, although rendered on improper premises will not be reversed on account of the false reasoning of the court rendering the judgment. If the judgment is correct the reasoning may be correct or incorrect; with that this court will not concern itself further than to examine the judgment itself.

Inasmuch as the motion for a new trial was properly overruled, the error of the trial court in assigning an improper reason for that action will not be considered.

Taking all the matters into consideration in this case as they have been presented by appellant's counsel, the judgment of the lower court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and Wolf concurred.